# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4195 | **DATE** | 6-10-2013 |
| **CASE TITLE** | Earl Hodges (#R-27259) vs. Toni Preckwinkle, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [4] is granted. The complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. Plaintiff's motion for attorney assistance [3] is denied as moot. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at Robinson Correctional Center. Civil case closed.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Earl Hodges, presently in state custody at Robinson Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint names Cook County Board President Toni Preckwinkle, Cook County Sheriff Tom Dart, and Cook County Department of Corrections Executive Director Gary Hickerson as Defendants, but makes no substantive claims against them. Instead, the complaint alleges that Plaintiff's public defender, Margaret Domin, and her substitute on one occasion, Abby Clough, were unprofessional in handling his defense. The caption of the complaint does not name Domin or Clough as defendants. Plaintiff seeks money damages.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $31.07. The supervisor of inmate trust accounts at Robinson Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Robinson inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

Initially, Plaintiff names Toni Preckwinkle, Tom Dart, and Gary Hickerson as defendants but makes no allegation against them in the body of his complaint. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Rule 8(a)(2), Plaintiff need only state his legal claim and provide "some indication … of time and place." *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). It is a plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. 544, 555 (citations omitted). On the facts alleged, there is no viable claim pleaded against Preckwinkle, Dart, or Hickerson.

     As for Domin and Clough, to be liable under the Civil Rights Act, an individual must have both acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). But criminal defense attorneys are not considered state officials for purposes of Section 1983 litigation. Defense attorneys, whether public defenders paid by the State or privately retained counsel, are not "state actors" in providing legal representation to criminal defendants and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Logan v. Laterzo*, 24 Fed. Appx. 579, 582 (7th Cir. 2001). "[E]ven though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner …, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 330 n. 6 (1983). There is an exception when a plaintiff alleges and proves a conspiracy with state actors. *Tower v. Glover*, 467 U.S. 914, 923-24 (1984). However, there is no such allegation in this case, where Plaintiff simply asserts a deficient performance and unprofessional conduct.

     Because the allegations contained in the body of Plaintiff's complaint have nothing to do with jail conditions, involving only the conduct of his public defenders, and public defenders under the facts alleged are not state actors and therefore not subject to suit under § 1983, any amendment to the complaint would be futile. Accordingly, this suit is dismissed for failure to state a federal claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff bringing state law claims against Domin and Clough. Because Plaintiff may conceivably have state law claims against Domin and Clough and simply filed those claims in the wrong court, Plaintiff will not be assessed a "strike" under 28 U.S.C. § 1915(g).

     If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be non-meritorious, the court of appeals might assess a "strike" against Plaintiff under 28 U.S.C. § 1915(g).